IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**AMBERIA MORTON**                                                        **PLAINTIFF**

**v.**                                                     **CIVIL ACTION NO. 3:22-cv-00277-HTW-LGI**

**GRENADA COUNTY HEALTH DEPARTMENT
and HINDS COUNTY HEALTH DEPARTMENT**                **DEFENDANTS**

## REPORT AND RECOMMENDATION

This matter is before the Court on the *sua sponte* Motion to Dismiss the Complaint [1] for lack of federal jurisdiction. On May 26, 2022, Amberia Morton ("Plaintiff" or "Morton") filed her Complaint against Defendants Grenada County Health Department and Hinds County Health Department, along with a motion seeking leave to proceed in forma pauperis. *See* Docs. [1] and [2]. Plaintiff filed two supplemental attachments to her Complaint. Docs. [4] and [5]. On September 30, 2022, this Court granted Plaintiff's motion to proceed in forma pauperis. *See* Order, Doc. [6]. A thorough review of Plaintiff's Complaint reveals that Morton has failed to raise any justiciable claims, and therefore, this Court recommends dismissal of the Complaint for lack of federal jurisdiction.

"[F]ederal courts are courts of limited jurisdiction," and an initial review of Morton's submissions raises concerns whether jurisdiction exists in this court. *Hummel v. Townsend*, 883 F.2d 367, 369 (5th Cir. 1989). Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). Further, in an IFP case, the Court must dismiss a complaint when the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Here, the second condition is satisfied, as Morton fails to state a claim. A complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quotation marks and citation omitted). "A pro se complaint is to be construed liberally with all well-pleaded allegations taken as true. Even a liberally construed pro se civil rights complaint, however, must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (citations omitted).

From the face of the Complaint subject matter jurisdiction does not exist. There is also no diversity of citizenship under 28 U.S.C.A. § 1332(a)(1), as both the Plaintiff and named Defendant are Mississippi residents. The action presents no federal question, under 28 U.S.C.A. § 1331. Thus, this Court has no jurisdiction over the action.

Even if Morton's Complaint is sufficient to establish subject matter jurisdiction, her Complaint fails to state a claim upon which relief may be granted. In the instant complaint, Morton expressly states, "the points being made/addressed within this case is to prove I am being lied to about blood test results." Doc. [1] at 2. She alleges, "parties kept results confidential in hopes that [she] would put others at risk. . . ." *Id*. She also contends, "parties continuously make discord and ignore signs . . . while deferring me to handle my own business/well-being." *Id*. She characterizes this treatment as a "hate crime." *Id*. at 5. Plaintiff further asserts the alleged [parties'] conduct "has left [her] in lack." *Id*. at 2. In Plaintiff's second supplemental filing, she asserts her "blood tests have been incorrect since 11/2018." *See* Attachment to Complaint, Doc. [5] at 2. Morton contends the "parties within this case ha[ve] denied for so long to where my health has worsened." *Id*. Morton alleges she has "asked repeatedly for several X-ray services

2

and ha[s] been turned away denied." *Id*.

While Morton names Grenada County Health Department and Hinds County Health Department as defendants, it is unclear which allegations she attributes to each Defendant. While Morton does allege that she "went to [a] new scheduled appointment in Grenada at [the] local health department in April 2019," she makes no connection between her allegations and this entity.  *See* Complaint, Doc. [5].  She makes no specific allegations toward either defendant in her Complaint or supplement filings. Moreover, Plaintiff makes no claim for relief in her pleadings.

Liberally construing the Complaint and attachments the Complaint, the Court finds that it does not state a claim upon which relief may be granted. Such conclusory and vague allegations are insufficient to survive a motion to dismiss for failure to state a claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." (emphasis added)); *see also Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006) (stating that conclusory allegations will not suffice to prevent a motion to dismiss).

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that:

1. Plaintiff's Complaint [1] be DISMISSED without prejudice.

2. Plaintiff be given an opportunity to refile her complaint with appropriate claims that likewise establish the existence of subject matter jurisdiction.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party may serve and file written objections within fourteen (14) days after being served a copy of this recommendation, with a copy

to the District Judge, the Magistrate Judge and the opposing party. The District Judge at the time may accept, reject, or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected, , except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    SO ORDERED this the 30th day of September, 2022.

                                                  /s/ LaKeysha Greer Isaac
                                            UNITED STATES MAGISTRATE JUDGE